UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 6:10-CR-06-GFVT-4<br>) |
| | ) RECOMMENDED DISPOSITION[1]<br>) |
| MARY REBECCA CREEKMORE, | )<br>) |
| Defendant. | )<br>)<br>) |

\*\*\* \*\*\* \*\*\* \*\*\*

On October 31, 2011, the Court conducted a competency hearing in this matter, pursuant to 18 U.S.C. §§ 4241 and 4247(d). (*See* D.E. 238). For the reasons set forth herein, the Court **FINDS** that Defendant Mary Rebecca Creekmore is not presently suffering from a mental disease or defect rendering her mentally incompetent to the extent she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her own defense, and is therefore competent as that term is defined in 18 U.S.C. § 4241(d). The Court therefore **RECOMMENDS** that the District Judge find Defendant competent to face further proceedings in this matter, including trial.

## I. BACKGROUND

Procedurally, the competency hearing followed a motion for a competency evaluation made by appointed counsel for Defendant. (D.E. 203). After finding reasonable cause to believe

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g., United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially dispositive).

Defendant may have been suffering from a mental disease or defect rendering her mentally incompetent, the Court granted the motion, and ordered that Defendant undergo a non-custodial psychiatric or psychological examination. (*See* D.E. 210). The Court directed the parties to file a status report indicating a preferred examiner to perform the evaluation. (*See id.*). Pursuant to 18 U.S.C. § 4247(b), the Court directed that such examination be conducted by a licensed or certified psychiatrist or psychologist, and ordered the parties to file the examiner's qualifications on the record. (D.E. 216).

With the consent of the parties (D.E. 217), the Court subsequently appointed Dr. Paul Anthony Ebben, a licensed clinical psychologist, to conduct Defendant's examination on October 7, 2011. (D.E. 220). The Court ordered that the examination encompass competency as defined by 18 U.S.C. § 4241(a). Following his examination, Dr. Ebben submitted a forensic report to the Court which sets forth his conclusion that Defendant is currently competent to stand trial. (*See* D.E. 237 (sealed forensic report, herein referred to as the "Report")). Upon receipt of the Report, the Court set a hearing, and directed counsel to be prepared to offer any proof as to the issues under 18 U.S.C. §§ 4241 and 4247(d). (D.E. 236). At the competency hearing on October 31, 2011, the parties stated they had had a sufficient opportunity to review the Report. The parties stipulated to the admissibility of the Report and to Dr. Ebben's qualifications. The parties also waived the right to cross-examine Dr. Ebben. Significantly, both parties agreed that Dr. Ebben applied the correct legal standard in reaching his conclusion that Defendant is currently competent to stand trial.[2]

## II. COMPETENCY

---

[2] Although Dr. Ebben cites to the definition of "incompetency" provided for under Kentucky law, *see* KRS § 504.060, both parties agreed that the incompetency standard codified in Kentucky law mirrors that of § 4241(a) and *Dusky v. United States*, 362 U.S. 402 (1960). Additionally, the Report specifically refers to the *Dusky* standard. (D.E. 237 at 4).

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Section 4247(d) governs the competency hearing, and assures certain trial-type rights. These include the right to confront and cross-examine witnesses and the right to participate in the hearing. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). This framework **suggests** that the party raising the issue of competency—here the defendant—bears the burden of proof, *see United States v. Rothman*, No. 08-20895-CR, 2010 WL 3259927, at *6 n.4 (S.D. Fla. Aug. 18, 2010) ("The present statute does not speak in terms of whether the government or defendant has the burden of proof; it only mandates that whoever is seeking to prove incompetence has the burden.") (citing *United States v. Izquierdo*, 448 F.3d 1269, 1276-77 (11th Cir. 2006), although the cases are in disagreement as to the burden allocation. *Compare United States v. Chapple*, No. 94-5048, 1995 WL 6147 at *2 (6th Cir. Jan. 6, 1995) (table) (burden is on United States,

though without statutory analysis) and *United States v. Sally*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden is on the United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Although the United States Supreme Court has not directly addressed the burden issue under § 4241(d), the Court has suggested in dicta that the defendant bears the burden. *See Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) ("Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence."). However, the parties in this case stipulated at the competency hearing that the United States has the burden of proof under § 4241. Given that stipulation, the Court finds it unnecessary to resolve the burden issue today. Furthermore, the issue of proper burden allocation is only material "in a narrow class of cases where the evidence is in equipoise; that is, where the evidence that a defendant is competent is just as strong as the evidence that he is incompetent." *Medina v. California*, 505 U.S. 437, 449 (1992). As described below, that is not the case here.

**A. Forensic Report**

With a stipulation as to the admissibility of Dr. Ebben's Report, his opinions represent the only expert evidence of Defendant's competency to stand trial presented to the Court. The Report reflects personal observation, a full review of Defendant's medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's status in light of applicable competency standards. Dr. Ebben analyzed Defendant's history, course of evaluation, and testing performance. Dr. Ebben directly observed Defendant during her interview and subjected her to a battery of psychological testing. He also secured and reviewed relevant educational records concerning Defendant.

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition, as well as an extensive Report of Defendant's medical history. Notably:

(1) The report indicates that Dr. Ebben informed Defendant of the nature and scope of the evaluation. Defendant provided informed consent to participate. (D.E. 237 at 2).

(2) Defendant was cooperative with the evaluation procedures. (*Id*. at 2-3).

(3) Defendant was diagnosed with the following conditions: Axis II: Mild Mental Retardation and Axis I: possible Anxiety Disorder. (*Id*. at 5).

(4) Defendant did not present with psychiatric problems during the examination, despite reporting nervousness and shakiness. She is not currently being treated for psychiatric problems. She reported previously taking Zoloft, but indicated that she discontinued use of this medication several years ago when she became pregnant. (*Id*. at 5).

(5) Defendant did not report any substance abuse problems or chronic issues with law enforcement. Her daily activities suggest functional limitations consistent with Mental Retardation. (*Id*. at 5).

(6) When Defendant was interviewed regarding her understanding of courtroom proceedings, ability to make decisions which are not grossly impaired by mental illness, and her ability to establish and maintain a working relationship with an attorney, she exhibited no notable difficulties with understanding and processing the questions, or providing meaningful responses. Her scores were within normal limits. (*Id*. at 4-5).

(7) Defendant was also administered a test specifically designed to determine whether or not an adult defendant with mental retardation is competent to stand trial. Her scores were consistent with mentally retarded defendants found competent to stand trial. (*Id.* at 5).

(8) Defendant demonstrated the ability to make rational decisions, has a factual understanding of the charges against her, can provide a reasonable estimate of their severity, and "did not have an irrational view of what might happen in her case." (*Id*. at 4-5).

(9) Defendant described a positive view of her attorney and understands what her attorney expects from her. (*Id*. at 4).

5

Ultimately, Dr. Ebben concluded that Defendant is not suffering from a mental condition which would prevent her from proceeding competently to trial:

> It is my opinion, within reasonable psychological certainty, that **Ms. Creekmore is competent to stand trial.** Although she clearly has an intellectual deficiency and she cannot read at a functional level, she understands spoken language at a higher level which was clear when administered the competency instruments as she performed fairly well with some prompting. Indeed, she will need to be communicated with in a very concrete manner, so that some words and phrases will need to be simplified for her. She will struggle with attention/concentration at times, so she will also need to be debriefed at a fairly consistent rate. She needs to be encouraged to ask questions when she does not understand something, and she certainly has the capacity and willingness to do that. Within those parameters, she is considered competent.

(*Id.* at 5-6).

Thus, it is clear that Dr. Ebben accurately applied the *Dusky* standard as codified in § 4241(a) to determine that Defendant is competent. Dr. Ebben elicited from Defendant definitions of key terms and participants in a trial, as well as the elements and procedures related to a criminal trial. (*Id*. at 4-5). He also positively endorsed Defendant's ability to assist counsel in preparing her defense. (*Id*. at 4). As such, the Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case.

### B. Insight of Counsel and Educational Records

The Court also sought the insight of counsel for Defendant, Mr. David Hoskins, who had initially requested the competency evaluation. Although Mr. Hoskins indicated that his observations are consistent with the opinion in the Report, he stated that he believes that Defendant has developed a method of "bluffing" her way through life, and that she has a greater mental impairment than that suggested by the Report. Mr. Hoskins has taken the position that Defendant is incompetent, and he has filed Defendant's educational records under seal in support of this position, further discussed below.

### C. Findings

The Court has thoroughly reviewed Defendant's educational records and is unable to reach a different conclusion than that of Dr. Ebben. Although the records certainly indicate that Defendant struggled in school and required educational accommodations, they also show a cooperative attitude and, overall, an ability to function in daily life. While Defendant's educational records tend to support Dr. Ebben's finding of mild mental retardation, "a finding that a defendant is mentally retarded is not dispositive as to a finding of competency to stand trial." *Adams v. Haeberlin*, 404 F. App'x 11, 14 (6th Cir. 2010). Notably, Dr. Ebben examined Defendant's educational records and considered such records when reaching his determination that Defendant is competent to stand trial. The Court has determined, through independent review of Defendant's records, that Dr. Ebben's Report accurately describes her educational history. Therefore, there is no dispute as to whether Dr. Ebben understood Defendant's educational history, and he took that history into account when opining that Defendant is competent. Absent additional expert evidence to the contrary, the Court is not in a position to find Defendant incompetent.

The Court finds that Defendant is competent to stand trial. As described above, Dr. Ebben conducted a thorough evaluation and subjected Defendant to several widely-accepted psychological tests, all of which indicated that Defendant is competent to stand trial. The evidence submitted by defense counsel—Defendant's educational records—suggests that Defendant did not learn as quickly as her peers and might have exhibited signs of mental retardation; however, Dr. Ebben's Report suggests that, even in light of such difficulties, Defendant can understand the nature of the proceedings against her and assist in her defense.

7

Given the reasoned and well-supported Report prepared by Dr. Ebben, there is insufficient evidence to find that Defendant is not competent to stand trial.

### III. RECOMMENDATION

For the foregoing reasons, the Court thus finds that, per 18 U.S.C. § 4241(d), Defendant is able to understand the nature and consequences of the proceedings against her and to assist properly in her own defense. Therefore, the Court **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 14th day of November, 2011.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge